O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELEDOLPHIN EQUITY PARTNERS, LLC, | Case No. 2:14-cv-00300-ODW(ASx) |
| Plaintiff, | **ORDER TO SHOW CAUSE RE. IMPOSITION OF SANCTIONS** |
| v. | |
| ARNOLD SHUNE; DOES 1–10, | |
| Defendants. | |

"If at first you don't succeed, try, try, and try again."  It's a familiar refrain among children.  But it simply does not apply to foreclosure removals such as this one where the Court determines each time that the case could never present a valid basis for federal subject-matter jurisdiction.  In its last remand Order, the Court warned Defendant Arnold Shune that removing this case again under the same failed bases for federal jurisdiction would result in the imposition of $1,000.00 in monetary sanctions.  Shune did not heed the Court's warning.  The Court therefore **ORDERS** Shune to **SHOW CAUSE** why he should not be sanctioned $1,000.00 for violating Rule 11 and the Court's previous Order.

On July 30, 2013, Plaintiff Teledolphin Equity Partners LLC filed a run-of-the-mill unlawful-detainer complaint in Los Angeles County Superior Court against Shune.  (Not. of Removal Ex. A.)  Shune removed the action to this Court for the first time on November 19, 2013, arguing that Teledolphin Equity Partners violated

Shune's civil rights.  *Teledolphin Equity Partners LLC v. Shune*, 2:13-cv-08547-ODW(ASx) (case filed Nov. 19, 2013).  Shune asserted that this Court therefore had federal-question jurisdiction over the action.  The Court disagreed, finding that any federal defense Shune might assert could not, as a matter of law, support a finding of federal jurisdiction.  The Court consequently remanded the case.

Round two came a month later on December 19, 2013.  Shune removed the action again asserting the same putative bases for federal subject-matter jurisdiction.  *Teledolphin Equity Partners LLC v. Shune*, 2:13-cv-09329-ODW(ASx) (case filed Dec. 19, 2013).  Once again, the Court remanded the case, finding that "this case does not and never will invoke federal subject-matter jurisdiction."  The Court also stated, "The Court warns Shune that removing this case again under the same failed bases will result in imposition of at least $1,000 in monetary and other sanctions within this Court's discretion."

Sure enough, Shune removed the case again on January 14, 2014—notwithstanding the Court's admonition.  *Teledolphin Equity Partners LLC v. Shune*, 2:14-cv-00300-ODW(ASx) (case filed Jan. 14, 2014).  Nothing new has changed.  No federal defense Shune may assert—no matter how much he argues—could ever support federal subject-matter jurisdiction.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

Federal Rule of Civil Procedure 11(b) provides that by presenting a document to the Court, a party—attorney or otherwise—certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  A court may impose an appropriate sanction upon a party after the court determines that the party violated Rule 11(b).  Fed. R. Civ. P. 11(c)(1).

It is beyond cavil that Shune is subject to this Rule.  The Court has repeatedly informed Shune that his asserted bases for federal jurisdiction fail as a matter of law.  Shune's continued assertions of the same failed bases thus violate Rule 11(b).

The Court therefore **ORDERS** Shune to **SHOW CAUSE** in writing by **Tuesday, February 11, 2014**, why the Court should not sanction him $1,000 for violating the Court's last remand Order and Rule 11.  No hearing will be held.  Failure to respond will result in automatic imposition of sanctions.  The Court will remand this action following discharge of the Order to Show Cause.

**IT IS SO ORDERED.**

January 21, 2014

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**